**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ORVILLE DARBY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00065-GMG-RWT-1)

Submitted:  October 13, 2022                         Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Timothy David Helman, Assistant United States Attorney, Eleanor F. Hurney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orville Darby pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).  The district court sentenced Darby to 235 months' imprisonment and three years of supervised release.  On appeal, Darby's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Darby's guilty plea is valid, whether Darby's trial counsel rendered ineffective assistance, and whether the district court erred in imposing Darby's sentence.  Although notified of his right to do so, Darby did not file a pro se supplemental brief.  The Government has moved to dismiss the appeal pursuant to the appeal waiver in Darby's plea agreement.  We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Darby knowingly and voluntarily waived his right to appeal.  Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Darby's sentence.  The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea, and the waiver excepted claims of ineffective assistance of counsel.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).  We therefore deny in part the Government's motion to dismiss.

2

Because Darby did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Darby entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Ineffective assistance by trial counsel does not appear on the face of the present record, and therefore Darby's claim is not cognizable on direct appeal. Such a claim should be raised, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Darby's valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Darby, in writing, of the right to petition the Supreme Court of the United States for further review. If Darby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Darby.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4